IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Robert Jokumsen )<br>    Plaintiff )<br>V )<br>Federal Emergency Management Agency )<br>    And )<br>Metropolitan Property and Casualty Insurance Co. )<br>aka, MetLife Auto and Home )<br>    Defendants ) | Case #<br><br>COMPLAINT |

COMES NOW Robert Jokumsen, the Plaintiff in this action and for cause of action represents as follows:

1. Robert Jokumsen is an individual, residing in the State of Nebraska.
2. The Federal Emergency Management Agency (herein after "FEMA") is an agency created by Act of the United State Congress and Statute. Said Agency is a subdivision of Homeland Security and operating under the authority of the United States of America.
3. The Defendant, Metropolitan Property and Casualty Insurance Co. aka, MetLife Auto and Home, (herein after "MetLife") is a Corporation authorized by the State of Nebraska to operate in said State as a foreign company for the sale and administration of various types of insurance.
4. FEMA was directed by Congress and Statute to create and enforce a National Flood Insurance Program, by the National Flood Insurance Act of 1968, as amended and Title 44 of the Code of Feral Regulations, Subchapter B.
5. MetLife participates and administers claims under the FEMA Flood Program.
6. This Court has jurisdiction under 28 U.S.C. Sec. 1331, as the determinative issue will be decided by Federal Statutes and Regulations governing the Flood Program and the Farmers Service Agency (FSA).
7. The Plaintiff was required as part of his participation in a subsidized farm loan program (FSA) to maintain flood insurance to cover the collateral for the loan.
8. When the Plaintiff secured his loan with the FSA, the insurance requirement was overlooked and no insurance was in obtained.
9. In the spring of 2011 the Plaintiff was seeking to refinance the FSA loan. At that time the failure to have the flood insurance in place was discovered.
10. The Plaintiff made immediate application for insurance under the flood program, as required by his already existing note.
11. It was the intent of the Plaintiff that such insurance fulfill his then existing insurance requirement and for the new loan that was then being processed.
12. That flood insurance application was submitted along with payment through Defendant MetLife which participated in the National Flood Insurance Program.
13. The application was approved and the following policies were issued:
    Policy Numbers:
        87-04814205-2011
        87-04814210-2011

          87-04814211-2011
          87-04814213-2011
          Attached are copies of the same and incorporated herein.

14. The Defendant issued declarations of insurance coverage (Dec Pages) for each policy with an immediate effective date of coverage of May 26 2011. Attached are copies of the same and incorporated herein.
15. Thereafter, the closing on the new loan application was postponed for reasons unrelated to the flood insurance.
16. The property that was insured by said policies was located on land that had been in the family of the Defendant for more than a generation. It had not seen flooding in more than 50 years.
17. The Army Corps of Engineers opened the flood gates upstream from the Plaintiff's property to relieve pressure from the season's record snows to the north. The resulting flood was the worst seen since 1952.
18. The Army's official date of the commencement of the flood was June 1 2011.
19. Eventually the flood waters reached the property of the Plaintiff on June 17 2011 causing substantial loss that was covered by the issued policies.
20. MetLife, after notice of the damage covered by the policies, issued new Dec Pages changing the date of coverage, claiming the policies were not in effect until after the flood had begun.
21. MetLife thereafter denied coverage for the flood damages.
22. The change of coverage date and denial were done in bad faith.
23. The denial was appealed to and denied by FEMA.
24. A request for reconsideration was made and ignored.
25. The Plaintiff has now exhausted his administrative remedies and seeks a declaration that the effective date of the policies be May 26 2011.
26. As of January 2011, Metlife yet to conform to the requirement that all flood insurance policy holders be listed on the NFIP database upon issuance.
27. It is unclear if the amount of contractual damages claimed by the Plaintiff are in dispute as the denial of coverage preempted that issue.

    WHEREFORE the Plaintiff prays of this Court for a declaratory determination that the policies are in effect on May 26 2011; that the policy did no preclude coverage for the 2011 flood; the amount of contractual damages; punitive damages and attorney fees, and the cost of this action.

Dated this __5__ day of __Dec__, 20__12__.

_____
Richard Register, Attorney for Plaintiff
425 N H St
Fremont NE 68025
402-727-9248
Attorney #17783

_____
Robert Jokumsen, Plaintff

COUNTY OF DODGE    )
                   )SS
STATE OF NEBRASKA  )

The Plaintiff, a person whom I am personally familiar or having shown proper identification, being first duly sworn on oath, did swear and affirm that this pleading was read and the statements contained therein are true as the person verily believes.

_____
Notary Public

JULIE HOKAMP
MY COMMISSION EXPIRES
October 22, 2016