IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT JOKUMSEN,<br><br>            Plaintiff,<br><br>    vs.<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY and METROPOLITAN PROPERTY AND CASUALTY INSURANCE CO., a/k/a, METLIFE HOME AND AUTO<br><br>            Defendants. | CASE NO. 7:13CV05003<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion to Dismiss or, in the alternative, Motion for Summary Judgment (Filing No. 23) filed by Defendant Federal Emergency Management Agency ("FEMA"). FEMA has filed a Brief (Filing No. 25) and Index of Evidence (Filing No. 24) in support of its position. Plaintiff Robert Jokumsen ("Jokumsen" or "Plaintiff") filed a response, styled as a Resistance to Motion to Dismiss and Request for Hearing (Filing No. 31). Plaintiff's response was not timely under the Federal Rules of Civil Procedure or the Civil Rules for the United States District Court for the District of Nebraska. For the reasons stated below, FEMA's Motion will be granted.

**FACTUAL BACKGROUND**

The following is a summary of facts presented in the Amended Complaint (Filing No. 6). The Court also has considered facts presented in the Defendants' brief that were supported by pinpoint citations to admissible evidence in the record that the parties have admitted, or that the parties have not properly resisted as required by NECivR 56.1 and Fed. R. Civ. P. 56.

Plaintiff was a participant in a subsidized farm loan program through the Farmers Service Agency ("FSA"). (Filing No. 6, Amended Complaint, ¶ 7.) Plaintiff was required to maintain flood insurance to cover his collateral for the loan. (*Id.*) When the Plaintiff secured his loan with the FSA, however, the flood insurance requirement was overlooked and no flood insurance was obtained for the collateral. (*Id.* ¶ 8.) Plaintiff discovered this error in the Spring of 2011 when he sought to refinance his loan with the FSA. (*Id.* ¶ 9.) To satisfy the requirement of his existing loan and the new loan, Plaintiff immediately applied for flood insurance. (*Id.* ¶¶ 10, 11.)

Plaintiff purchased four Standard Flood Insurance Policies ("SFIP") from Defendant Metropolitan Property and Casualty Insurance Company, a/k/a MetLife Auto & Home ("Metropolitan") to cover the property located at 50541 Vine Road, Lynch, Nebraska 68746 (Filing No. 6 ¶¶ 9, 13; Filing No. 24-1, Declaration of Teresita Martin, ¶ 4.) The application was approved, and four flood insurance policies were issued, bearing policy numbers 87-04814205-2011, 87-04814210-2011, 87-04814211-2011 and 87-04814213-2011. (Filing No. 6 ¶¶ 12-13.) The SFIPs were issued pursuant to the National Flood Insurance Program ("NFIP"). (Filing No. 24-1 ¶¶ 3, 4.)

At the time that Plaintiff's policies were sold and issued, Metropolitan was a participant in the National Flood Insurance Program's ("NFIP") Write-Your-Own Program ("WYO") administered by FEMA. (*Id.* ¶ 6.) WYO carriers have the authority to sell federally backed SFIPs as "fiscal agents" of the Federal Government pursuant to 44 C.F.R § 62.23, and make decisions regarding payment or denial of claims under the SFIP policies issued by them. (*Id.* ¶¶ 6,7.)

Plaintiff was issued declarations of insurance coverage stating that the policy would be effective May 26, 2011. (Filing No. 6 ¶ 14.) Under 44 C.F.R. § 61.11(b), when a SFIP is purchased in connection with the acquisition of a loan, the policy becomes effective at the time of loan closure. The closing date for Plaintiff's loan was delayed for reasons unrelated to the flood insurance. (Filing No. 6 ¶ 15.) Consequently, Metropolitan later reissued declarations to reflect an effective date of June 21, 2011, for coverage, the date the Plaintiff closed the loan. (Filing No. 24-1 ¶ 15.)

The Army Corps of Engineers opened flood gates upstream of Plaintiff's property on June 1, 2011, and Plaintiff's property incurred flood damage on June 17, 2011. (Filing No. 6 ¶¶ 17-19.) Plaintiff submitted a Proof of Loss to Metropolitan, dated September 21, 2011, claiming $4,712.91 in damages. (Filing No. 24-1 at CM/ECF p. 5.) Metropolitan denied the claim for reimbursement on October 8, 2011, and October 27, 2011, under the policies' exclusions, noting that the flood had already begun prior to the effective dates of his SFIPs. (Filing No. 24-1 ¶ 14; Filing No. 24-1 at CM/ECF pp. 6-9.) Plaintiff appealed Metropolitan's decision to FEMA. (Filing No. 24-1 ¶ 16.) Following administrative review, FEMA sent a letter to Plaintiff's counsel, dated January 26, 2012, affirming Metropolitan's denials. (*Id.*) FEMA concurred with the denial for several reasons, including the fact that the SFIPs' flood-in-progress exclusionary provision was applicable to Plaintiff's claim. (*Id.*; *see also* Filing No. 24-1 at CM/ECF pp. 10-11.)

## PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit on February 13, 2013, and amended his Complaint on February 19, 2013. Plaintiff seeks a declaration from the Court that the effective date of the policies was May 26, 2011, and that the SFIPs did not preclude coverage for the

2011 flood. Plaintiff further seeks contract and punitive damages, as well as attorney fees and costs. FEMA filed this Motion on April 17, 2013, under Federal Rule of Civil Procedure 12(b)(1), and (6), or in the alternative, as a Motion for Summary Judgment under Federal Rule of Civil Procedure 56(c).

## STANDARD OF REVIEW

A motion under Federal Rule of Civil Procedure 12(b)(1) challenges whether the Court has subject matter jurisdiction to hear the case. The party asserting jurisdiction bears the burden of proving that jurisdiction is proper. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). The Court, however, has "wide discretion" to decide the process with which its jurisdiction can best be determined. *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008) (quoting Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995)). The Court "has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Id.* at 962 (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008) (stating that "[m]otions to dismiss for lack of subject-matter jurisdiction can be decided in three ways: at the pleading stage, like a Rule12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts"). According to Federal Rule of Civil Procedure 12(h)(3), a federal court must dismiss an action if it determines at any time it lacks subject matter jurisdiction. *Harris v. P.A.M. Transport, Inc.*, 339 F.3d 635, 637 n.4 (8th Cir. 2003).

## DISCUSSION

1. **Plaintiff's Resistance is Not Timely**

Plaintiff has not responded to the merits of FEMA's Motion, but has filed an untimely resistance to the Motion. The Court's Local Rules require that a party opposing a motion to dismiss or summary judgment file a brief opposing the motion within 21 days after the motion and supporting documents are filed. NECivR 7.1(b)(1)(B). While failing to file a brief in opposition is not an admission, such failure "precludes the opposing party from contesting the moving party's statement of facts." NECivR 7.1(b)(1)(C); *see also* NECivR 56.1(b)(1) (stating that in the summary judgment context, "[p]roperly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response.").

FEMA filed its Motion on April 17, 2013. The CM/ECF Notice of Electronic Filing shows that Plaintiff was emailed notice of FEMA's Motion and supporting documents. Plaintiff did not respond within the time permitted, and did not respond in any way to FEMA's statement of material facts. Plaintiff's response, filed on June 7, 2013, argues that FEMA's Motion "has not been set for hearing nor notice received for a required date for filing of a resistance to said motion. It was anticipated that such would be heard with other pretrial motions after the filing of the pretrial statements." (Filing No. 31.) The local rules state that "[i]n general, the court does not allow oral argument or evidentiary hearings on motions," and a request for a hearing must be set forth as a motion stating why a hearing is necessary, and an estimate of the time required for the hearing. NECivR 7.1(d). There is nothing in the record to support Plaintiff's contention that he was not required to respond until a hearing on the matter was held. Because Plaintiff

5

has not properly responded to FEMA's Motion, FEMA's properly referenced facts will be deemed admitted for the purposes of this Motion.

2.   **The Court Lacks Subject Matter Jurisdiction Over FEMA**

FEMA claims that it should be dismissed from this lawsuit because it is immune from suit under the National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. § 4072. The doctrine of sovereign immunity provides that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). Sovereign immunity is "jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Sovereign immunity protects government agencies as well as the government itself. *See e.g., Meyer*, 510 U.S. at 475; *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011). "Waivers of immunity must be construed strictly in favor of the sovereign . . . ." *In re Operation of Missouri River Sys. Litig.*, 418 F.3d 915, 917 (8th Cir. 2005) (citing *United States Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992)).

In order for Plaintiff to bring an action against FEMA, he must establish that the federal government has waived its sovereign immunity. Where a WYO insurance company has handled the claim adjustment and denial process and FEMA was not the decision maker, courts have been clear that the limited waiver of sovereign immunity in § 4072 does not allow an insured to bring a claim against FEMA. *See Tucard, LLC v. Fid. Nat. Prop. & Cas. Ins. Co.*, 567 F. Supp. 2d 215, 218-19 (D. Mass. 2008)

(concluding that FEMA's letters clarifying coverage under a WYO written plan were not sufficient to waive sovereign immunity); *Sutor v. FEMA,* Civil Action No. 06-1371, 2008 WL 1959693, at *3 (E.D. Pa. May 5, 2008) (collecting cases); *Zion Realty Corp. v. FEMA,* Civil Action No. 07-10830-GAO, 2007 WL 4200963, at *2 (D. Mass. Nov. 27, 2007) (finding no jurisdiction over FEMA under § 4072 where it was undisputed that the WYO company, and not FEMA, issued the policy and denied the claim); *Banks v. Paulison,* No. 3:06cv178/MCR, 2006 WL 2709002, at *3 (N.D. Fla. Sept. 20, 2006) (finding that sovereign immunity is only waived from "those actions which stem from FEMA's direct denial of an application, not actions in which a private corporation independent of FEMA denies a claim"); *Mason v. Witt,* 74 F.Supp.2d 955, 959 (E.D.Cal.1999) (same).

Plaintiff's claims under the SFIPs were denied by the WYO company–Metropolitan–and not FEMA. The applicable regulations clearly state that WYO Companies are considered fiscal agents, but not general agents, of the government. 44 C.F.R. § 62.23(g). In this role, WYO Companies "shall arrange for the adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issues under the Program." 44 C.F.R. § 62.23(d). As such, the WYO Company is the proper defendant in disputes concerning the administration of such claims:

> WYO Companies are solely responsible for their obligations to their insured under any flood insurance policies issued under agreements entered into with the Administrator, such that the Federal Government is not a proper party defendant in any lawsuit arising out of such policies.

44 C.F.R. § 62.23(g); *see also id.* 44 C.F.R. § 61.13(f) ("[SFIPs] issued by WYO Companies may be executed by the issuing WYO Company as Insurer, in the place and

7

stead of the Federal Insurance Administrator."); 44 C.F.R. § 62.23(i)(6) ("The responsibility for defending claims will be upon the [WYO] Company").

FEMA's administrative review of Metropolitan's disallowance does not trigger the limited waiver under 42 U.S.C. § 4072.  *Bruno v. Paulison*, CIV. RDB 08-0494, 2009 WL 377300 (D. Md. Feb. 12, 2009); *see also Mertz v. FEMA, Dep't of Homeland Sec.*, 10-CV-260-AC, 2011 WL 3563113 (D. Or. Feb. 14, 2011) *report and recommendation adopted sub nom.* Mertz v. FEMA, 3:10-CV-00260-AC, 2011 WL 3563130 (D. Or. Aug. 10, 2011) ("The fact that FEMA reviewed the claim does not turn the WYO Program policy into a policy written by the federal government.").  Accordingly, because FEMA did not directly deny Plaintiff's claim, it has not waived its immunity from suit under the NFIA.

### 3.     If the Court Had Jurisdiction, Plaintiff's Claims are Untimely

Even if Plaintiff could demonstrate that FEMA waived its sovereign immunity under NFIA, his claims against FEMA would fall within the scope of that waiver, and the scope of a sovereign immunity waiver is strictly construed in favor of the sovereign. *United States v. Nordic Village, Inc.,* 503 U.S. 30, 37 (1992).  District courts lack subject-matter jurisdiction over claims against the United States to which Congress has not consented. *See Loudner v. United States,* 108 F.3d 896, 900 (8th Cir.1997). Because a statute of limitations is one of the terms of Congress's consent, a time-barred claim against the United States Government is an unconsented claim, over which a district court has no jurisdiction. *See id.* at 900 n. 1.

With respect to a claim to recover insurance funds under NFIA, 42 U.S.C. § 4072 states that the claimant has one year after the date of mailing of a notice of

disallowance to institute a legal action against the Administrator.  *See also* 44 C.F.R. Pt. 61 App. A(1), Art. VII(R) (a lawsuit related to a SFIP must be commenced within one year after the date of the written denial of all or part of an insurance claim).  A NFIP policyholder, insured by a participating WYO Company like Metropolitan, has the option to seek administrative appeal of an insurance company's decision with respect to a claim, proof of loss, and loss estimate.  44 C.F.R. § 62.20(b).  After the issuance of an insurer's final claim determination, the insured may file an SFIP-compliant appeal with FEMA.  44 C.F.R. § 62.20(b).  Under 44 C.F.R. § 62.20(f)(4), "the one-year period to file suit commences with the written denial from the insurer and is not extended by the [FEMA] appeals process."

Metropolitan denied Plaintiff's claim in writing on October 8, 2011.  (Filing No. 24-1 at CM/ECF pp. 6-7.)  Metropolitan confirmed its denial of the claim in a follow-up letter on October 27, 2011.  (*Id.* at CM/ECF pp. 8-9.)  Under NFIA and its implementing regulations, the one-year limitations period began to run, at the latest, on October 27, 2011, irrespective of the date FEMA confirmed and upheld Metropolitan's determination.  Plaintiff filed his Complaint on February 13, 2013, which is more than one year after the date Metropolitan mailed its disallowance of his claim, and more than a year after FEMA upheld the denial.  (Filing No. 24-1 at CM/ECF pp. 10-11.)  Even if NFIA could be read to permit a narrow waiver of FEMA's sovereign immunity, Plaintiff's claims against FEMA under NFIA are time-barred, and fall outside the scope of any waiver of FEMA's sovereign immunity.

## CONCLUSION

Plaintiff has failed to demonstrate that FEMA waived its sovereign immunity to be subject to suit in this case. Under NFIA, the insured must file a lawsuit within one year of written denial of a claim for recovery. Because the Court lacks subject matter jurisdiction, and the claim was not filed with the Court within one year of the initial denial, Plaintiff's claim will be dismissed. Accordingly,

IT IS ORDERED:

1. The Motion for Summary Judgment (Filing No. 23) filed by Defendant Federal Emergency Management Agency is granted; and

2. Plaintiff's claims against Defendant Federal Emergency Management Agency are dismissed with prejudice.

Dated this 11th day of July, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge