IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT JOKUMSEN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>METROPOLITAN PROPERTY AND CASUALTY INSURANCE CO.,<br><br>　　　　　　Defendant. | CASE NO. 7:13CV5003<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion for Reconsideration (Filing No. 61) filed by Plaintiff Robert Jokumsen. For the reasons stated below, the Motion will be denied.

## STANDARD

This Court's local rules at one time addressed motions for reconsideration, *see* NECivR 60.1 (2009), and included a standard of review for such motions, which stated:

> Motions for reconsideration are disfavored, and the court will ordinarily deny them without a showing of (1) manifest error in the prior ruling or (2) new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence.

NECivR 60.1(c) (2009). Because, "[t]he Federal Rules of Civil Procedure do not mention motions for reconsideration," *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999), this local rule was removed in 2010.[1] When a motion to reconsider is directed at a judgment, courts interpret the motion as one under Fed. R. Civ. P. 59(e). *Broadway*, 193 F.3d at 989. "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home*

---

[1] *See* 2010 Amendments to Local Rules – Summary of Changes, available at: http://www.ned.uscourts.gov/attorney/local-rules.

*Health Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir. 1998)).

## BACKGROUND

On March 4, 2014, the Court granted the Motion for Summary Judgment (Filing No. 56) submitted by Defendant Metropolitan Property and Casualty Insurance Co. ("Metropolitan"), and entered Judgment in its favor (Filing No. 57). The undisputed evidence showed that Jokumsen's claims for property insurance coverage were denied on October 27, 2011. Jokumsen filed this lawsuit on February 13, 2013. (Filing No. 1.) The National Flood Insurance Act of 1968, 42 U.S.C. § 4072 ("NFIA"), as amended, and its accompanying regulations, 44 C.F.R. Pt. 61, App. A(1 & 2), Art. VII(R), state that the claimant has one year after the date of mailing of a notice of disallowance to institute a legal action against the flood insurance plan administrator. Jokumsen did not file his lawsuit until more than one year had passed after the denial of his claims. Accordingly, his lawsuit was dismissed as untimely.

## DISCUSSION

Jokumsen argues that the statute of limitations was tolled pending review of an appeal letter that he sent to the Federal Emergency Management Agency ("FEMA") on February 17, 2012.[2] Jokumsen cites no law in support of his argument, and the Court addressed this matter in its previous Memorandum and Order, dated March 4, 2014 (Filing No. 56). Without addressing whether this letter complied with the requirements of the FEMA appeals process, 44 C.F.R. § 62.20(f)(4) states "[t]he one-year period to

---

[2] Jokumsen did not file a brief to accompany his Motion as required by NECivR 7.1(a)(1)(A), nor has he complied with NECivR 7.1(a)(2) with respect to the submission of evidence. Because Jokumsen's argument fails as a matter of law, the Court will not address the procedural defects in Jokumsen's Motion.

file suit commences with the written denial from the insurer and is not extended by the appeals process." There is no dispute that Jokumsen's claims were denied on October 27, 2011, and he filed his lawsuit more than a year later. Because the statute of limitations was not tolled during the appeals process, Jokumsen's lawsuit was not timely. Jokumsen has failed to demonstrate manifest error in the Court's prior ruling. Accordingly,

IT IS ORDERED: the Motion for Reconsideration (Filing No. 61) filed by Plaintiff Robert Jokumsen, is denied.

Dated this 18th day of April, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge